UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY CLYDE MURRAY, #245927,

        Plaintiff,                     Case No. 03-75130

v.                                     District Judge John Corbett O'Meara
                                       Magistrate Judge R. Steven Whalen

OFFICER SWIFT,

        Defendant.
_____/

**REPORT AND RECOMMENDATION TO DISMISS FOR
FAILURE TO SERVE DEFENDANT SWIFT**

The above-captioned case was filed on December 22, 2003. Noting that service was not effectuated as to defendant Officer Swift, on February 5, 2005 I ordered Plaintiff to show cause why I should not file a Report and Recommendation that the Complaint be dismissed without prejudice for failure to serve the summons and complaint within the time prescribed by Fed.R.Civ.P. 4(m). I now recommend that the Court *sua sponte* dismiss the Complaint.

**I.    FACTS**

On April 22, 2005, Plaintiff filed a Return of Service [Docket #31] and a Proof of Service [Docket #32], purporting to show service on Defendant Swift. The Return of Service indicates "Defendant served by U.S. Mail," and the Proof of Service states

that "plaintiff served all documents by U.S. ordinary mail postage."

## II. LEGAL PRINCIPLES REGARDING SERVICE

The service of a summons and complaint is governed generally by Rule 4(e), which provides that service may be effected:

> "(1) pursuant to the law of the state in which the district court is located, or in which service is effected...; or
>
> (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process."

Under Michigan law, specifically M.C.R. 2.105(A), service may be effected as follows:

> "(1) delivering a summons and a copy of the complaint to the defendant personally; or
>
> (2) sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2)."

Under Fed.R.Civ.P. 4(m), service must be made upon a defendant within 120 days after filing the complaint, otherwise,

> "...the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period."

### III.   ANALYSIS

The record does not show that Defendant Swift was properly served with a Complaint and Summons under any of the above-described rules. Plaintiff merely mailed a copy of the Complaint and Summons via regular first-class mail, which is not sufficient service. The Court having provided notice to the Plaintiff under Rule 4(m), and service not having been made within the 120 days provided for in that Rule, the Complaint should be dismissed without prejudice.

### IV.   CONCLUSION

Accordingly, I recommend that the Complaint be dismissed without prejudice, pursuant to Fed.R.Civ.P. 4(m).

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

        s/R. Steven Whalen
        R. STEVEN WHALEN
        UNITED STATES MAGISTRATE JUDGE

**Dated: May 6, 2005**

## CERTIFICATE OF SERVICE

**The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on May 6, 2005.**

        **s/Gina Wilson**
        **Judicial Assistant**